**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-02903-NRN

JASPER LEE JONES,

    Applicant,

v.

C. CARTER, Acting Warden, FCI-Florence,

    Respondent.

---

**ORDER**

---

Applicant Jasper Lee Jones, a federal prisoner in the custody of the Bureau of Prisons ("BOP"), has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1 ("the Application"). Applicant contends he "is illegally being detained" by the BOP. *Id.* at 2. Respondent has filed a Response to Application for Writ of Habeas Corpus, ECF No. 18 ("the Response"), and Applicant has filed a Reply, ECF No. 19 ("the Reply").

**I. BACKGROUND**

Applicant was arrested on September 13, 2014, in Texas on a state parole violation warrant and was charged in state court with possession of a firearm, possession of illegal substances, and resisting arrest. ECF No. 18-1 at 13, 28-36.

In December 2014, Applicant was transferred to temporary federal custody via a writ of prosecution. *Id.* at 15, 24-25. On May 22, 2014, Applicant pled guilty in Case Number 3:14-cr-00027 in the U.S. District Court for the Southern District of Texas to one count of felon in possession of a firearm, and on September 10, 2015, he was

sentenced to a 37-month term of imprisonment. *See United States v. Jones,* No. 3:14-cr-00027, ECF Nos. 22, 37; *see also* ECF No. 18-1 at 17-22. The federal sentencing court denied defense counsel's request to run the federal sentence concurrent to the sentence Applicant was facing for his state offenses. ECF No. 18-1 at 59.

After he was convicted and sentenced in the federal case, Applicant was returned to state custody and was sentenced by the Texas state court on January 12, 2016, to 15 years of confinement. ECF No. 18-1 at 28-31. Applicant received credit toward his state sentence from September 13, 2014, the date of his initial arrest through July 9, 2020, the date Applicant was released to the exclusive custody of federal authorities. *Id.* at 11, 25, 29.

Because Applicant's federal sentencing judgment is silent as to whether it runs concurrent or consecutive to his state sentence, the sentences were deemed to run consecutively. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Further, in accordance with 18 U.S.C. § 3585, the BOP determined that Applicant's sentence commenced on July 9, 2020, the date he was received in exclusive federal custody, and the BOP computed his projected release date to be February 23, 2023, without any credit for prior custody because his jail time already was credited toward his state sentence. ECF No. 18-1 at 9-11, 29.

In this action, Applicant contends that he is being "illegally detained" by the BOP because his federal sentence should have "been ordered to run concurrently with the sentence imposed in relation to the aforementioned state case." ECF No. 1 at 3. Applicant argues that a concurrent sentence is required under United States Sentencing

2

Commission Guidelines Manual ("U.S.S.G.") § 5G1.3(b). *See* ECF No. 1 at 2-3. As relief, Applicant seeks immediate release or, in the alternative, an order from this Court that his current federal sentence be reduced to run "partially concurrent" with his state sentence. *Id.* at 6.

Respondents argue in the Response that this Court lacks jurisdiction over Applicant's claim because he is attacking the validity of his sentence, and thus, it cannot be raised in a petition under 28 U.S.C. § 2241 but should be addressed pursuant to 28 U.S.C. § 2255 in the sentencing court. *See* ECF No. 18. In the Reply, Applicant contends that his claim should proceed under § 2241 because he did not have "adequate legal access necessary to bring a viable petition in accordance with federal law" since he was in the custody of the Texas Department of Corrections; that his counsel failed to appeal the sentence imposed or notify Applicant of the "need to pursue post conviction relief;" and that the one-year limitation period to file a § 2255 motion has expired, thereby leaving § 2241 as the "only viable avenue/vehicle of address available." *See* ECF No. 19.

## II. LEGAL STANDARDS

The Court must construe the Application and Reply liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its

3

validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Challenges to a federal district court's application of the sentencing guidelines are properly viewed as challenging the "validity of his sentence, rather that its execution, [and] must be brought under § 2255." *Carroll v. Peterson,* 105 F. App'x 988, 990 (10th Cir. 2004) (petitioner's contention that federal sentencing court should have provided for concurrent federal and state sentences pursuant to U.S.S.G. § 5G1.3(c) challenged the validity of his sentence and must be brought under Section 2255). *See also Diaz-Fontanez v. Daniels*, No. 13-cv-02531-CMA-KLM, 2014 WL 1660482, at *3 (D. Colo. Apr. 25, 2014) (dismissing claim of invalid sentencing for lack of jurisdiction where petitioner brought claim in § 2241 petition and claimed that his sentence was miscalculated under U.S.S.G. § 5G1.3(b)).

Further, the Supreme Court has held that the authority to order a federal sentence concurrent or consecutive to an anticipated state term of imprisonment rests solely with the federal sentencing court. *Setser v. United States,* 566 U.S. 231, 237 (2012). Finally, the BOP has no authority to adjust a sentence under U.S.S.G. § 5G1.3(b).

## III. DISCUSSION

It is clear to the Court, and Applicant does not dispute, that he is challenging the validity of his federal sentence. Therefore, the claim must be raised in the sentencing court in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective.

Applicant bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Applicant's claim could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id* ("the fact that [Petitioner] or his counsel may not have thought of [these types of arguments] earlier doesn't speak to the relevant question whether § 2255 itself provided him with an adequate and effective remedial mechanism for testing such an argument."). "The savings clause doesn't guarantee results, only process." *Id.,* at 590; *see also Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (concluding that remedy provided in the sentencing court pursuant to § 2255 was not inadequate or ineffective for claims premised on newly discovered evidence even though the new evidence was insufficient to meet the stringent standard for filing a second or successive motion under §

5

2255(h)(1)). In other words, the opportunity to seek a § 2255 remedy must be deemed "genuinely absent" before a federal prisoner may challenge his conviction or sentence in a § 2241 application. *See Prost,* 636 F.3d at 588. For example, resort to the savings clause is appropriate when the original sentencing court has been abolished and the applicant has nowhere to file a § 2255 motion. *See id.* A procedural bar does not render § 2255 "inadequate or ineffective" under § 2255(e). *See Hale v. Fox*, 829 F.3d 1162, 1171 (10th Cir. 2016).

Applicant argues that he should be able to pursue his claim in this § 2241 action due to "excusable neglect." *See* ECF No. 19. The Court liberally construes Applicant's position as arguing that the remedy available pursuant to § 2255 is inadequate or ineffective. Applicant, however, fails to demonstrate that the remedy available in the sentencing court under § 2255 is inadequate or ineffective under *Prost*. Applicant acknowledges he has not attempted to seek relief in the sentencing court under § 2255, and that he would be time-barred if he attempted to do so now. (*Id.* at 2). The fact that he now may be barred from seeking relief in the sentencing court does not demonstrate a motion under § 2255 is inadequate or ineffective. *See Prost*, 636 F.3d at 584. "[I]t is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative." *Id.* at 589. "The savings clause doesn't guarantee results, only process." *Id.* at 590. Applicant's arguments concerning legal access to federal law while detained at a state prison and his attorney's failure to pursue an appeal of his federal sentence also fail to demonstrate that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective.

For these reasons, the Court finds that the action must be dismissed for lack of

statutory jurisdiction.

## IV. Conclusion

For the reasons stated above, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1 is DENIED, and this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED: May 3, 2022

BY THE COURT:

_____
N. Reid Neureiter
United States Magistrate Judge